**Commonwealth v. Jones**

*William S. Kieser*, Assistant District Attorney, for Commonwealth.

*Malcolm S. Mussina*, for defendant.

GREEVY, P. J., May 24, 1972.—Petitioner was charged with a violation of the Act of April 29, 1959, P. L. 58, sec. 1002, 75 PS §1002(a), to wit, driving too fast for conditions. The information did not contain an allegation as to the speed at which petitioner was traveling. She now moves to quash the information, alleging that the failure to allege the speed of the vehicle was a fatal defect. We are compelled to agree.

This is a vexing question, upon which the trial courts of this Commonwealth are divided. Of particular importance in resolving this problem is the meaning of subsection (e) of section 1002, which states:

"In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

The controversy revolves around the meaning of subsection (e).

We must take note of the construction of the subsection. It refers to all informations for violation of this "section." The term "subsection" is also used. Thus, the broader term, "section" must refer to section 1002 as a whole, and "subsection" to its parts. If that be so, then subsection (a) is covered, and an allegation of speed is required.

There are those who say that subsection (e) applies to subsection (b) only, or to (b) and (c) only, or to (d) only. But any of those distinctions would require a

degree of sophistry of which we are not capable, and would ignore the unambiguous terms of the act.

The legislature knew of the problem when it enacted The Vehicle Code of 1959, for by that time there was already a split of authority on the subject under a similarly worded statute. That they did not take action to remedy the problem indicates that they were not dissatisfied with the situation. Indeed, the trend of cases at that time was to require an allegation of speed. Thus, the legislature, by not enacting legislation to change the situation, impliedly approved the court decisions, and arguments based on the theory that to decide as we do today violates "legislative intent" cannot carry great weight.

In sum, we agree substantially with the opinion in Commonwealth v. Reece, 1 D. & C. 2d 741 (Q. S., Northampton, 1955), wherein it is stated:

"When language of a statute is plain and unambiguous and conveys a clear meaning . . . the statute must be given its plain and obvious meaning . . .": 1 D. & C. 2d at page 743 and The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

This is all the more true because this is a penal law and must be strictly construed: Statutory Construction Act, supra, sec. 58, 46 PS §558(1).

We do not hereby change the law in this judicial district, for Judge Williams reached the same conclusion in Commonwealth v. Stroh, 2 Lyc. 117, 71 D. & C. 378 (1950).

We make the following

## ORDER

And now, this May 24, 1972, it is hereby directed the information be and hereby is quashed.